IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| DENNIS COLEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:20cv57-MHT |
| | ) | (WO) |
| DOLLAR TREE STORES, | ) | |
| | ) | |
| Defendant | ) | |

OPINION AND ORDER

After a slip-and-fall incident, plaintiff Dennis Coleman brought this suit for negligence in an Alabama state court against defendant Dollar Tree Stores and a number of fictitious defendants, including the "Manager of Dollar Tree Store Fairview Avenue." Dollar Tree then removed this action to this federal court. This court now has under submission Coleman's motion to remand and motion for jurisdictional discovery. For the following reasons, both motions will be denied.

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants."  28 U.S.C. § 1441(a). Further, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between--(1) citizens of different States."  *Id*. at § 1332(a); *see also Strawbridge v. Curtiss*, 7 U.S. 267, 267 (1806) (requiring complete diversity of parties).

In its notice of removal and amended notice of removal, Dollar Tree timely alleged that that it is a citizen of Virginia; Coleman is a citizen of Alabama; and the amount in controversy was greater than $ 75,000.

In his motion to remand, Coleman argues that removal was improper because Dollar Tree "has not alleged that the Store Manager of its Fairview Avenue store was a non-resident of the State of Alabama."  Mot. to Remand

2

(doc. no. 9) at 2.  He named the "Manager of Dollar Tree Store Fairview Avenue" as a defendant in the caption of the state complaint, as is proper under Alabama law.  *See* Ala. R. Civ. P. 9(h) (allowing fictitious party pleading); *see also Harvell v. Ireland Elec. Co.*, 444 So. 2d 852, 854 (Ala. 1984) (clarifying that it is sufficient for fictitious parties to be named in only the caption of a complaint).  He contends that, because he "specifically identified the manager by title and duties" and "served said manager by process server," complete diversity was destroyed, and removal was improper.  Mot. to Remand (doc. no. 9) at 6.

The court disagrees for two primary reasons.  First, Coleman's argument is based on a misunderstanding of how removal works when the complaint names a fictitious defendant.  For, under federal law, "[i]n determining whether a civil action is removable ... the citizenship of defendants sued under fictitious names shall be disregarded."  28 U.S.C. § 1441(b).  This is true even

3

if the store manager were likely an Alabama citizen. *See Walker v. CSX Transp. Inc.*, 650 F.3d 1392, 1396 n.11 (11th Cir. 2011) ("Moreover, that the fictitious defendants were likely Georgia citizens did not destroy complete diversity because § 1441(a) requires that fictitious 'named' parties be disregarded for purposes of diversity jurisdiction.")

Second, Coleman's description of the store manager is not "so specific as to be 'at the very worst, surplusage.'" *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (*quoting Dean v. Barber,* 951 F.2d 1210, 1215 n.6 (11th Cir.1992)).  Coleman did not "adequately describe[] the person to be sued so that the person could be identified for service."  *Dean*, 951 F.2d at 1215 n.6. This is because, as Dollar Tree notes, the person served may not have been the manager "at the time of the subject accident."  Def.'s Response (doc. no. 13) at 7 n.3.

In his motion for post-removal jurisdictional discovery, Coleman acknowledges that the identity and

4

residence of the store manager is currently unknown and asks for limited discovery because, "[f]or this case to be fairly adjudicated, the identity and residence of the 'store manager' is crucial to the issue of whether diversity exists." Mot. for Discovery (doc. no. 14) at 2. But "when assessing removal, the citizenship of fictitiously named defendants must be 'disregarded,' not discovered." *Smith v. Comcast Corp.*, 786 F. App'x 935, 939 (11th Cir. 2019) (internal citations omitted).

This is not to say that a plaintiff may never obtain jurisdictional discovery. For example, in *Am. Civil Liberties Union of Fla., Inc. v. City of Sarasota*, 859 F.3d 1337 (11th Cir. 2017), the Eleventh Circuit Court of Appeals held that the district court abused its discretion when it denied the plaintiff such an opportunity. That is because "the jurisdictional facts in th[e] case [we]re genuinely in dispute." *Id*. at 1339. "Federal subject-matter jurisdiction over th[e] removed case depend[ed] on whether Michael Jackson, a state law

5

enforcement officer, created, submitted, and/or maintained certain records sought by the [plaintiff] in his capacity as a deputized federal officer." *Id*. The defendant municipality claimed that Jackson was acting in his capacity as a deputized federal officer; the plaintiff disputed this. However, in this case, there are no "jurisdictional facts genuinely in dispute." *Id*. "The language of the statute is unambiguous: 'the citizenship of defendants sued under fictitious names *shall* be disregarded....' Thus, there does not exist any 'uncertainty,' which would otherwise favor remand." *Gilbert & Caddy, P.A. v. JP Morgan Chase Bank, N.A.*, No. 15-CV-60653, 2015 WL 12862720 (S.D. Fla. June 16, 2015) (Bloom, J.) (internal citations omitted); *see also Estate of Cox v. Marcus & Millichap, Inc.*, No. 8:18-CV-381-T-02AAS, 2018 WL 5004732 (M.D. Fla. Oct. 16, 2018) (Jung, J.) (similar).

Further, there is an important difference between Coleman's request for post-removal jurisdictional

6

discovery and the routine discovery that happens in acivil case. The identity and residency of the store manager may become known through routine discovery. Coleman argues that, if he were to make an amendment to correct the name of the fictitiously named store manager, and if the manager were a resident of Alabama, then this court would be required to remand the case to state court. While the court may be presented with this issue later in this litigation, it need not address it at this time. Suffice to say that the outcome likely would depend on the threshold question whether the text of 28 U.S.C. § 1447(e) applies: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."*

---

\* However, regardless of whether § 1447(e) applies, "Federal Rule of Civil Procedure 15(c)(1) allows federal courts to apply statelaw relation-back rules to amendments in a diversity case where state law provides

7

**\*\*\***

Accordingly, it is ORDERED as follows:

(1) Plaintiff Dennis Coleman's motion to remand (doc. no. 9) is denied.

(2) Plaintiff Coleman's motion for jurisdictional discovery (doc. no. 14) is denied.

DONE, this the 22nd day of June, 2020.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**

---

the applicable statute of limitations." *Saxton v. ACF Indus., Inc.,* 254 F.3d 959, 963 (11th Cir. 2001). Specifically, Alabama Rule 15(c) provides: "An amendment to a pleading relates back to the date of the original pleading when ... (4) relation back is permitted by principles applicable to fictitious party practice."